U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 26 2017

CLERK, U.S. DISTRICT COURT
By_____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

KEISHA DUKE, §
§
　　　　Plaintiff, §
§
VS. § NO. 4:17-CV-590-A
§
WELLS FARGO BANK, N.A., ET AL., §
§
　　　　Defendants. §

MEMORANDUM OPINION
and
ORDER

Before the court for consideration and decision are the motions of defendants, Wells Fargo Bank, N.A. ("Wells Fargo") and Fay Servicing, LLC ("Fay"), to dismiss the claims of plaintiff, Keisha Duke, against them. The court, having considered the motions, plaintiff's response to each motion, Wells Fargo's reply, the record, and the applicable legal authorities, finds that both the motions should be granted.

I.

Plaintiff's Claims

Plaintiff alleges claims against defendants for, as best the court can tell, trespass and violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1962p ("FDCPA"). The basis of plaintiff's trespass claim is that defendants have been,

in her words, "administer[ing her] property without rights," doc.[1] 10 at 1-2, and her FDCPA claims are founded on defendants having refused to verify the debt in question. To support her claims, she alleges the following facts:

On August 9, 2006, Keenan and Claire Duke acquired the property located at 5924 Walden Trail, Arlington, Texas 76016 ("property"). In 2012, Keenan fell ill and transferred the property to plaintiff. The following year, Wells Fargo sent notice of payment due on the property. Plaintiff requested verification of the debt, which Wells Fargo refused to provide, and so plaintiff did not pay any of the amount owed. In May 2014, Wells Fargo threatened foreclosure. Plaintiff made a payment of $15,439.21 to bring the loan current and allow Wells Fargo more time to provide the requested accounting. Plaintiff claims she has continually sought to obtain a full accounting from Wells Fargo, to no avail. On November 29, 2016, "wells fargo [sic] claims to transfer servicing rights to Fay Servicing[,]" id. at 2, which, in plaintiff's words, constitutes "administer[ing] my property without rights." Id. She claims she has disputed the debt with Fay, but that like Wells Fargo, Fay has refused to "verify the debt." Id. Plaintiff also accuses Fay of "threatening to sell my property". Id.

---

[1] The "Doc.___" reference is to the number of the item on the docket in this action.

Plaintiff requests relief in the amount of $39,926,700.00 and "immediate restore of property as it was the day before the wrongdoing." Id. at 1.

II.

Grounds of the Motions

Each of the defendants maintains that plaintiff has failed to sufficiently plead any cause of action.

Wells Fargo further asserts that plaintiff lacks standing to assert the claims in this lawsuit, that even if plaintiff did have standing, she has failed to state a claim on her FDCPA claim because Wells Fargo is not a debt collector and foreclosing on property does not constitute debt collection.

Each defendant asserts that all claims against that defendant should be dismissed.

III.

Applicable Pleading Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim[s are] and the grounds upon which [they] rest[]." Twombly, 550 U.S. at 555 (internal quotation marks and

ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Id. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

The court generally is not to look beyond the pleadings in deciding a motion to dismiss. Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999). "Pleadings" for purposes of a Rule 12(b)(6)

motion include the complaint, its attachments, and documents that are referred to in the complaint and central to the plaintiff's claims. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000). The court may also refer to matters of public record. Davis v. Bayless, 70 F.3d 367, 372 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 (5th Cir. 2003).

IV.

Analysis

A. Failure to Comply with August 21, 2017 Order

On August 21 2017, this court ordered the parties, including plaintiff, to replead in conformity with the Federal Rules of Civil Procedure and other rules applicable to this court. That ordered warned that failure to comply with it would subject a party to the imposition of sanctions, up to, in plaintiff's case, dismissal of her claims. On September 5, 2017, plaintiff filed what the court assumes to be her amended complaint.[2] Defendants each moved to dismiss the claims of plaintiff against it, citing

---

[2]Pursuant to the order signed August 21, 2017, plaintiff's amended complaint was to be titled "Plaintiff's Amended Complaint." Doc. 9 at 2. Plaintiff instead filed what she called "Prosecutor Amended Claim of Trespass (ADMINISTERING PROPERTY WITHOUT RIGHTS)." Doc. 10. Plaintiff has also filed with the court various nonsensical documents. It is unclear if plaintiff intended for those documents to be part of her complaint or something else. Because she has not sought leave to amend her pleading, the court construes these documents as separate from her complaint.

that plaintiff has not complied with the order because the allegations in her amended complaint fall short of pleading requirements set forth in the Federal Rules of Civil Procedure. Bearing in mind that this court must liberally construe the pleadings of a pro se litigant, McConathy v. Dr. Pepper/Seven Up Corp., 131 F.3d 558, 561 (5th Cir. 1998), the court agrees.

Plaintiff's complaint consists of two pages of claims and factual information, Doc. 10 at 1-2, to which she has attached numerous, mostly nonsensical, letters and other documents. Nowhere in these papers does plaintiff competently allege any cause of action, nor any facts that might support such cause(s) of action. At most, plaintiff's allegations amount to threadbare recitals and legal conclusions, which are insufficient to suggest a claim for relief that is plausible on its face. However, to the extent that plaintiff's intent was to bring trespass or FDCPA claims against either or both defendants, those claims are addressed individually below.

B. Trespass Claims

1. Common Law Trespass

To properly allege a claim for common law trespass in Texas, a plaintiff must allege that (1) she owned or had a lawful right to possess the real property; (2) defendant entered her land and the entry was physical, intentional, and voluntary; and (3)

defendant's trespass injured plaintiff's right of possession. See <u>North Shore Energy, L.L.C. v. Harkins</u>, 501 S.W.3d 598, 605 (Tex. 2016); <u>Barnes v. Mathis</u>, 353 S.W.3d 660, 764 (Tex. 2011)(per curiam); <u>R.C. Bowen Estate v. Cont'l Trailways, Inc.</u>, 152 Tex. 260 (1953).

As defendants point out, plaintiff has neither alleged these bare trespass elements, nor any factual assertions that, taken as true, could support a trespass claim. She alleged, given the most generous reading, that she owns the property, that both defendants trespassed on her by "administer[ing her] property without rights" and "using a [sic] unverified claim of debt", Doc. 10 at 1-2, and that Fay Servicing threatened to sell her property. <u>Id.</u> However, based on public records relating to the property in question, it is not apparent to the court that plaintiff's assertion that she owns the property is true.[3] As best the court can tell, the above-captioned action was initiated after Keenan and Claire Duke filed for bankruptcy in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division. Doc. 27 at 1-22. Documents from that court, as

---

[3] Attached to plaintiff's complaint is a document titled "Notice of [Substitute] Trustee's Sale" that relates to the foreclosure sale initiated by Fay. Doc. 10 at 11. Such document indicates that the instrument to be foreclosed is the deed of trust executed on the property by Keenan and Claire Duke in favor of World Savings Bank, FSB, its successors and/or assignees. Because this document was attached to plaintiff's complaint, the court takes judicial notice of it, as well as the related public records submitted to the court by Wells Fargo in its appendix to its motion to dismiss, which are central to plaintiff's claims. See Doc. 27.

well as other public records, including a Texas Equity Deed of Trust, indicate that in April 2017, the bankruptcy court entered an Order Lifting Stay as to Debtor, allowing non-judicial foreclosure on the property. Doc. 27 at 76-80. On June 19, 2017, Claire Duke filed a motion in the bankruptcy court to reinitiate the stay. On June 20, 2017, plaintiff, claiming to be the property owner, filed her lawsuit in the District Court of Tarrant County, Texas, 67th Judicial District, which was eventually removed to this court.

Even if plaintiff does own the property, she still has not sufficiently alleged that either defendant physically, intentionally, and voluntarily entered onto the property and that such entry injured plaintiff's right of possession. Thus, dismissal of plaintiff's trespass claims is proper.

### 2. Trespass to Try Title

To the extent plaintiff intended to bring a trespass to try title claim against either party, such claim fails because plaintiff has not properly pleaded such cause of action. To prevail on a trespass to try title claim, a plaintiff is required to: "(1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitation, or (4) prove title by prior possession coupled with proof that possession was not abandoned."

Martin v. Amerman, 133 S.W.3d 262, 265 (Tex. 2004). As in a suit to quiet title, the plaintiff must "prevail on the superiority of his title, not the weakness of a defendant's." Id. Because, as explained above, plaintiff has provided only conclusory factual allegations supporting her claim that she has superior title to the property, and not met the detailed pleading requirements, plaintiff has not stated a trespass to try title claim upon which relief can be granted. Accordingly, any trespass to try title claim that plaintiff intended to bring is dismissed.

D. Fair Debt Collection Practices Act Claim[4]

The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors. 15 U.S.C. § 1692(e). Only behavior by "debt collectors" against "consumers," as both terms are defined by the statute, are prohibited. It proscribes debt collectors from using "any false, deceptive, or misleading representation or means" or "unfair or unconscionable means" when collecting a debt. Id. at § 1692e-1692f. Section 1692g of the FDCPA requires that a debt collector provide a consumer certain written disclosures in connection with any attempt to collect a debt.

---

[4]Although plaintiff makes only one reference to the FDCPA in her complaint, see Doc. 10 at 2 ("Fay Servicing refuses the requirement to verify the debt. [Cf. Fair Debt Collections Act]"), she repeatedly states that she has attempted, and been unable to, verify the debt in question. Doc. 10 at 1-2. Thus, the court assumes that it is plaintiff's intent to allege violation of the FDCPA by one or both of the defendants.

Plaintiff seems to allege that defendants violated the FDCPA when they attempted to collect a debt without first providing verification. Plaintiff vaguely references in her fact section that Wells Fargo did not verify the debt or provide a full accounting of the final bill, and that Fay "refuse[d] the requirement and request to verify the debt." Doc. 10 at 2.

Clearly, these pleadings are next to threadbare, and wholly conclusory allegations. Plaintiff has not alleged that she is a consumer, or that either party is a debt collector, as those terms are defined by the FDCPA. To the extent that plaintiff may be attempting to allege that defendants did not provide the information required under section 1692g, neither defendant is required to provide that information to plaintiff unless it meets the definition of a debt collector, and plaintiff a consumer, which has not been established by plaintiff's pleadings. Thus, any FDCPA claim plaintiff intended to bring must fail because she

has not suggested any plausible right to relief.

V.

ORDER

For the foregoing reasons, the court ORDERS that the claims of plaintiff against defendants be, and are hereby, dismissed.

SIGNED October 26, 2017.

JOHN McBRYDE
United States District Judge